Considered by STERNHAGEN and ARUNDELL.

---

WATT & HOLMES HARDWARE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8872.   Promulgated September 29, 1927.

1. The evidence is insufficient to show that the method employed by the Commissioner in his determination of deficiencies for the years 1917 and 1919 did not correctly reflect income.

2. The petitioner having filed a consent within the period of the statute of limitations for the determination of the correct tax liability for the year 1917, and the assessment thereof upon such determination, and having filed renewals of such consent keeping the same alive: *Held*, the assessment of the deficiency found for the year 1917 is not barred by the statute of limitations.

*James L. Fort, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

This is a proceeding for the redetermination of deficiencies in income and profits tax for the years 1917, 1918, and 1919, in the net amount of $5,525.99. There are deficiencies in tax for the years 1917 and 1919 of $2,991.61 and $2,789.32, respectively, and an over-assessment for 1918 of $254.94. Under section 274 (g) of the Revenue Act of 1926 the Board has no jurisdiction with respect to the year 1918.

The petitioner alleges error on the part of the Commissioner in determining deficiencies for 1917 and 1919 in that he has overstated the charge sales; it also alleges with respect to the year 1917 that the assessment and collection of the deficiency is barred by the statute of limitations.

### FINDINGS OF FACT.

The petitioner is a Georgia corporation, with its principal place of business at Cordele, Ga., but with branches at Fitzgerald, Ocilla, and Douglas, Ga. It is engaged in the retail hardware business.

Petitioner took a physical inventory on February 12, 1917, and on June 15, of the years 1918, 1919, and 1920. Since it had no general ledger it did not actually close its books upon these dates, or any other date.

The petitioner kept no double-entry set of books. A cash book, a day book, and a ledger were kept at each of the stores. Each of the branches was required to report to the main store at Cordele at the close of each month the cash receipts for the month, the charge sales, and sundry other information from which D. Holmes, the president of the corporation, obtained an idea as to operating results. When the Commissioner attempted to check the returns filed for the taxable years 1917, 1918, and 1919, it was found impossible accurately to determine net income. No inventories had been taken other than as above indicated and in the filing of the original returns the inventories taken on June 15 were assumed to have been taken as of June 30. The petitioner then employed a public accountant to make a thorough audit of its accounts and to prepare amended returns, first upon the basis of a fiscal year ended June 30, and then upon the basis

of the calendar years 1917, 1918, and 1919. A revenue agent then attempted to check the correctness of the amended returns, but could not do so from the books of record. In order to determine the calendar-year income, he computed the income from June 15 in one year to June 15 in the next year, using that whole year as a unit for income; he then took that income and prorated it into calendar years. He did this for the reason that no actual inventories were taken at the end of each calendar year. The public accountant who prepared the amended returns on the basis of the calendar year estimated an inventory as of December 31 of each of the taxable years involved.

There is also a question as to the correctness of the charge sales of each of the years in question. The Commissioner accepted the following method as correctly reflecting the charge sales:—

| | |
|---|---|
| Accounts at end of year_____ | $_____ |
| Collections during the year (actual books and records)_____ | _____ |
|     Total _____ | _____ |
| Accounts at beginning of year (memorandum balance sheets)_____ | _____ |
| Charge sales for period (as estimated)_____ | _____ |

The public accountant determined the charge sales from certain memorandum balance sheets, a portion of which were verified with the books of account.

On January 6, 1921, the petitioner filed a consent whereby it waived any and all statutory limitations as to the time in which assessments for the year 1917 might be made. On January 18, 1924, the consent was renewed with respect to the year 1917, and again on November 8, 1924, there was a further renewal of the waiver relating to the years 1917, 1918, and 1919.

OPINION.

SMITH: In its petition the petitioner alleges errors on the part of the respondent in determining deficiencies for the years 1917, 1918, and 1919, as follow:

(A) That the Commissioner arrived at the income for each of the years by an erroneous method which necessitated his determining the income on the basis of a fiscal year ended June 15th, and then prorating the income to the calendar year basis, although the figures for the taxable income on the basis of the calendar year were not only available, but submitted to him in accordance with his request, the Commissioner having held that the return should be made on the calendar year basis:

(B) That the Commissioner determined the charge sales from memorandum balance sheets, in the manner described by the agent in his report, instead of from the books and records of the company; that is to say, his procedure of determining charge sales is merely the employment of a balancing amount inserted and included in his computation of income.

(C) That the tax for the calendar year 1917 is barred by the statute of limitations and can not now be assessed.

The only evidence which the petitioner has submitted to the Board from which to determine the correctness of its contentions with respect to the true tax liability of the tax years in question consists of certain memorandum balance sheets showing cash sales and collections of the Cordele store for portions of the taxable years, the day books showing the charge sales of the same store during the taxable years, and the cash book of the branch store at Douglas. This evidence does not enable the Board to determine the true tax liability of the petitioner for the tax years involved. The revenue agent's report was admitted in evidence with the approval of both petitioner and respondent. This shows that he spent a large amount of time in compiling his data from original sources, which data are not before the Board. We can discover nothing inherently wrong with the method used by the revenue agent and adopted by the Commissioner in determining taxable income and for lack of sufficient evidence to overcome the Commissioner's determination of the deficiencies his determinations are approved.

It appears that the petitioner filed a consent whereby it waived its right to object to the determination of the correct tax liability for the year 1917 and the assessment thereof upon such determination after the statutory period. This consent was made within the statutory period and was continued by the filing of subsequent waivers. We think that the claim of the petitioner that the respondent is barred from collecting the deficiency for the year 1917 is without merit.

*Judgment will be entered for the respondent.*

Considered by LITTLETON and LOVE.